UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## 24-60224-CR-SMITH/HUNT
CASE NO. _____

18 U.S.C. § 922(g)(1)
18 U.S.C. § 922(g)(8)
26 U.S.C. § 5861(d)
18 U.S.C. § 931
18 U.S.C. § 924(d)(1)



FILED BY____mp____D.C.
Nov 20, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

**UNITED STATES OF AMERICA**

vs.

**JOHN KEVIN LAPINSKI, JR.,**

        Defendant.

_____/

### INDICTMENT

The Grand Jury charges that:

**COUNT 1**
**(Possession of a Firearm by a Convicted Felon)**
**(18 U.S.C. § 922(g)(1))**

On or about October 31, 2024, in Broward County, in the Southern District of Florida, the defendant,

**JOHN KEVIN LAPINSKI, JR.,**

did knowingly possess a firearm and ammunition in and affecting interstate and foreign commerce, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 2
### (Possession of a Firearm by a Person Subject to a Court Order)
### (18 U.S.C. § 922(g)(8))

On or about October 31, 2024, in Broward County, in the Southern District of Florida, the defendant,

**JOHN KEVIN LAPINSKI, JR.,**

knowing he was subject to a court order issued on March 30, 2017 in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida under case number DVCE 17-2094, that was issued after a hearing of which he received actual notice, and at which he had an opportunity to participate, restraining him from harassing, stalking, and threatening an intimate partner, that by its terms explicitly prohibited the use, attempted use and threatened use of physical force against such intimate partner that would reasonably be expected to cause bodily injury, did knowingly possess in and affecting interstate commerce, a firearm and ammunition, said firearm and ammunition having been shipped and transported in interstate commerce; in violation of Title 18, United States Code, Section 922(g)(8).

## COUNT 3
### (Possession of an Unregistered Silencer/Suppressor)
### (26 U.S.C. § 5861(d))

On or about October 31, 2024, in Broward County, in the Southern District of Florida, the defendant,

**JOHN KEVIN LAPINSKI, JR.,**

did knowingly receive and possess a firearm, that is, a silencer/suppressor, which was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

## COUNT 4
### (Possession of Body Armor by a Violent Felon)
### (18 U.S.C. § 931(a)(1))

On or about October 31, 2024, in Broward County, in the Southern District of Florida, the defendant,

**JOHN KEVIN LAPINSKI, JR.,**

having previously been convicted of a crime of violence, did knowingly possess body armor, in violation of Title 18, United States Code, Section 931(a)(1).

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **JOHN KEVIN LAPINSKI, JR.**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 922, as alleged in this Indictment, or any other criminal law of the United States, the defendant shall forfeit to the United States any firearm and ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1).

3. The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, the following:

   a. Black Aces Tactical FD12 Shotgun, bearing serial number 21BLP32170;
   b. Remington 1148 Shotgun, bearing serial number 5546529;
   c. Palmetto State Armory Liberty 15 Rifle, bearing serial number ORDEATH7545;
   d. Browning Sweet 16, bearing serial number 74314;
   e. Polymer 80 10mm handgun;
   f. Polymer 80 Lower with Rock Slide USA slide;
   g. Approximately 3000 rounds of ammunition.

All pursuant to Title 18, United States Code, Section 924(d)(1) and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
MARC S. ANTON
ASSISTANT U. S. ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 24-60224-CR-SMITH/HUNT

v.

JOHN KEVIN LAPINSKI, JR.

_____/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
- ☐ Miami     ☐ Key West     ☐ FTP
- ☒ FTL       ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take __3__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   ☒ 0 to 5 days
   - II  ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV  ☐ 21 to 60 days
   - V   ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Alicia O. Valle   Magistrate Case No. 24-MJ-6521
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of 11/13/2024
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Mills Maynard)? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____
Marc S. Anton
Assistant United States Attorney
FL Bar No.   0148369

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: <u>JOHN KEVIN LAPINSKI, JR.</u>

**Case No**: _____

Count #: 1

<u>Possession of a Firearm by a Convicted Felon</u>

<u>Title 18, United States Code, Section 922(g)(1)</u>
* **Max. Term of Imprisonment: 15 years**
* **Mandatory Min. Term of Imprisonment (if applicable): n/a**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Count #: 2

<u>Possession of a Firearm by a Person Subject to a Court Order</u>

<u>Title 18, United States Code, Section 922(g)(8)</u>
* **Max. Term of Imprisonment: 15 years**
* **Mandatory Min. Term of Imprisonment (if applicable): n/a**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Count # 3:

<u>Possession of an Unregistered Silencer/Suppressor</u>

<u>Title 26, United States Code, Section 5861(d)</u>
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): n/a**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Count # 4:

<u>Possession of Body Armor by a Violent Felon</u>

<u>Title 18, United States Code, Section 931(a)(1)</u>
* **Max. Term of Imprisonment: 3 years**
* **Mandatory Min. Term of Imprisonment (if applicable): n/a**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.